

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4-03CV1410-A |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| EBONY SCOTT, SHERRI L. HARRIS, ) | |
| KELVIN BAILEY, and S-N-K Enterprise, Inc., ) | |
| d/b/a S&K Enterprise, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

Plaintiff, United States of America, for its complaint against Ebony Scott, Sherri L. Harris, Kelvin Bailey, and S-N-K Enterprise, Inc., d/b/a S&K Enterprise, Defendants, states as follows:

**Jurisdiction and Venue**

1. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and by §§ 7402(a), 7407, and 7408 of the Internal Revenue Code of 1986 (26 U.S.C.) (I.R.C.).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States.

**Nature of Action**

4. The United States of America brings this complaint pursuant to I.R.C. §§ 7402(a), 7407, and 7408 to restrain and enjoin the Defendants from:

    a.    further acting as preparers of federal income tax returns;

    b.    preparing or assisting in the preparation of federal tax returns knowing that they will result in the understatement of any tax liability or the overstatement of federal tax credits or refunds;

    c.    engaging in any other activity subject to penalty under I.R.C. §§ 6694 or 6695;

    d.    organizing or selling abusive tax shelters, plans, or arrangements that advise or encourage taxpayers to attempt to evade the assessment or collection of their correct federal tax;

    e.    making or furnishing, in connection with the organization or sale of an abusive shelter, plan, or arrangement, a statement that they know or have reason to know to be false or fraudulent as to any material federal tax matter;

    f.    engaging in any other activity subject to penalty under I.R.C. §§ 6700 or 6701; and

    g.    engaging in other similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Defendants

5.    Sherri L. Harris resides at 9905 Nichols Road, Oklahoma City, Oklahoma, 73120.

6.    Kelvin Bailey resides at 323 Forrest Park Road #B512, Madison, Tennessee, 37115.

7.    S-N-K Enterprise, Inc., is an Oklahoma corporation, incorporated by Sherri L. Harris and Kelvin Bailey, which purports to engage in "financial consulting." The corporate address of S-N-K Enterprise, Inc., is 9905 Nichols Road, Oklahoma City, Oklahoma, 73120.

8.    Sherri L. Harris is the registered agent for S-N-K Enterprise, Inc.

9. Harris and Bailey are operating or have operated S-N-K Enterprise, Inc., under the name of "S&K Enterprise." The business address of S&K Enterprise is P.O. Box 2733, Oklahoma City, Oklahoma, 73101.

10. Ebony Scott resides at 5802 Gloucester Court, Arlington, Texas, 76018.

11. Scott is performing or has performed services for S&K Enterprise.

12. Venue is proper in this Court because, on or about July 20, 2002, and on other occasions, Scott, Harris, and Bailey promoted an abusive tax scheme in Arlington, Texas, on behalf of S&K Enterprise.

## Facts Common to All Counts

13. On or about July 20, 2002, Ebony Scott and Kelvin Bailey presented a seminar on behalf of S&K Enterprise in Arlington, Texas.

14. At this seminar and on other occasions in Texas, Oklahoma, and Louisiana, the Defendants misled people into believing that they could apply for grants given by the federal government to minority business owners.

15. S&K Enterprise charged a fee ranging from $175 to $250 per application to submit the "grant applications" on behalf of its customers. Scott, Harris, and Bailey directed their customers to sign "promissory agreements" entitling S&K Enterprise to a percentage of any grant money received by the customers.

16. The Defendants never submitted any grant applications to the federal government. Instead, Scott, Harris, and Bailey either induced their customers to sign blank amended federal income tax returns and/or forged the customers' signatures on such returns and then filed the returns

with the Internal Revenue Service on behalf of the customers but without the customers' knowledge.

17. The amended federal income tax returns submitted by Scott, Harris, and Bailey on behalf of S&K Enterprise's customers claimed tax refunds that were patently frivolous.

18. Scott, Harris, and Bailey filed the refund claims with the IRS by attaching forms claiming certain tax credits to the amended federal income tax returns.

19. The forms falsely claimed tax credits for the payment of taxes on undistributed long-term capital gains by regulated investment companies and real estate investment trusts.

20. The forms falsely claimed tax credits for taxes paid in amounts ranging from approximately $44,000 to $93,000 per return, based on undistributed long-term capital gains ranging from approximately $137,000 to $410,000 per return.

21. The customers of S&K Enterprise were clearly not entitled to these tax credits under the Internal Revenue Code.

22. The forms claiming these bogus tax credits that were submitted by Scott, Harris, and Bailey on behalf of S&K Enterprise's customers were frivolous on their face.

23. The forms listed "Investment Taxes, Overpayment of Taxes, Department of the Treasury, Washington, DC 20515" as the name and address of the regulated investment company or real estate investment trust paying taxes on the undistributed long-term capital gains.

24. The forms failed to list identification numbers for the regulated investment companies or real estate investment trusts paying taxes on the undistributed long-term capital gains.

25.   At later dates, several customers of S&K Enterprise asked Scott and Harris why they had not yet received their grant money and why some of them had instead received notices from the IRS warning them about penalties for filing frivolous returns. The customers also repeatedly questioned Scott and Harris about the legitimacy of the grant program they were promoting.

26.   In response, Scott and Harris instructed S&K Enterprise's customers not to cooperate with the IRS and to continue waiting for grant money. Scott and Harris told their customers that communicating with the IRS would only delay their receipt of grant money. Scott and Harris repeatedly maintained that the grant program was legitimate.

27.   On or about February 6, 2003, Sherri L. Harris submitted a frivolous refund claim on her own behalf similar to those that she had prepared and submitted to the IRS for the customers of S&K Enterprise.

28.   On or about April 24, 2003, the IRS sent a letter to Ebony Scott notifying her that the IRS had begun an investigation to determine whether she should be enjoined and/or penalized for her activity. In this letter, the IRS sought to schedule a meeting with Scott at the IRS office in Farmers Branch, Texas, on May 6, 2003. Included with the letter was an information document request directing that Scott produce, *inter alia*, a list of her and/or S&K Enterprise's customers for the previous three years as well as copies of all tax returns she had prepared.

29.   Scott failed to appear for the meeting with the IRS on May 6, 2003.

30.   Scott has failed to produce any of the documents requested by the IRS.

31.     On or about June 4, 2003, the IRS sent a letter to Sherri L. Harris notifying her that the IRS had begun an investigation to determine whether she should be enjoined and/or penalized for her activity. In this letter, the IRS sought to schedule a meeting with Harris at the IRS office in Oklahoma City, Oklahoma, on June 30, 2003. Included with the letter was an information document request directing that Harris produce, *inter alia*, a list of her and/or S&K Enterprise's customers for the previous three years as well as copies of all tax returns she had prepared.

32.     Harris failed to appear for the meeting with the IRS on June 30, 2003.

33.     Harris has failed to produce any of the documents requested by the IRS.

34.     The IRS has identified at least 50 amended federal income tax returns for tax years 1999-2001 that it believes Scott, Harris, and Bailey prepared and filed during 2002-2003 as part of this scam while doing business as, or working for, S&K Enterprise. These returns contain fabricated tax credits and frivolous claims for refunds in amounts ranging from approximately $44,000 to $93,000 per return. The IRS prevented over $2.7 million in losses to the United States Treasury by identifying and disallowing these refund claims. However, the IRS does not know for certain the total number of frivolous claims that Scott, Harris, and Bailey filed, partly because they did not sign the returns as preparers. Thus, unless the Defendants are enjoined, their activities pose a substantial risk of revenue loss to the United States Treasury if the IRS erroneously issues refunds to the people whose returns Scott, Harris, and Bailey prepared.

35.     If the Defendants are not enjoined, their continuing actions may result in their customers incurring frivolous-return penalties and other possible civil and criminal sanctions. Their actions will also require IRS employees to devote substantial resources attempting to locate and

process the frivolous returns and other documents that Scott, Harris, and Bailey prepared and will require the IRS to take steps to prevent erroneous tax refunds and to assess and collect proper tax liabilities and penalties.

## Count I
(Injunction under I.R.C. § 7407)

36. The United States incorporates by reference the allegations made in paragraphs 1 through 35.

37. Section 7407 of the Internal Revenue Code authorizes a court to enjoin a person from engaging in conduct subject to penalty if that person:

- a. engaged in conduct specified in I.R.C. § 6694, which penalizes an income tax return preparer who prepares or submits a return that contains a position for which there was not a realistic possibility of being sustained on the merits, and the preparer knew or should have known the position was unrealistic, or

- b. engaged in conduct specified in I.R.C. § 6695, which penalizes an income tax return preparer who (1) fails to furnish a completed copy of a taxpayer's return or claim for refund to the taxpayer, (2) fails to sign a return or claim for refund, (3) fails to provide a preparer identification number (SSN/EIN) on the return or claim for refund, or (4) fails to retain copies of completed returns or claims for refunds or client lists and provide them to the IRS upon request, or

- c. engaged in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws,

and injunctive relief is appropriate to prevent the recurrence of such conduct. If a court finds that a preparer's misconduct is continual or repeated, and that a narrow injunction (*i.e.*, prohibiting only specific proscribed conduct) is insufficient to prevent a person's interference with the proper administration of federal tax laws, the court may enjoin the preparer from preparing any federal

income tax returns.

38. The Defendants have continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694 by preparing and submitting frivolous returns and claims for refunds based on the tax scam described above.

39. The Defendants have continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6695 by (1) not providing copies of returns and claims for refunds they prepared for their customers to their customers, (2) not signing returns they prepared, (3) not furnishing their social security numbers or employer identification numbers on returns they prepared, and (4) not retaining copies of returns they prepared, nor customer lists, and/or not providing these materials to the IRS upon request.

40. The Defendants are also subject to injunction under I.R.C. § 7407 because their filing of abusive tax returns and claims for refunds constitutes fraudulent and deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

41. Injunctive relief is appropriate to prevent the recurrence of such conduct because, absent an injunction, the Defendants are unlikely to refrain from conduct subject to penalty under I.R.C. §§ 6694 and 6695.

42. The United States is entitled to an injunction under I.R.C. § 7407 to prevent the Defendants from preparing any federal income tax returns.

**Count II**
(Injunction under I.R.C. § 7408)

43. The United States incorporates by reference the allegations made in paragraphs 1 through 42.

44. Section 7408 of the Internal Revenue Code authorizes a court to enjoin persons who have engaged in conduct subject to penalty under I.R.C. §§ 6700 or 6701 from further engaging in such conduct if injunctive relief is appropriate to prevent the recurrence of such conduct.

45. I.R.C. § 6700 imposes a penalty on any person (1) who organizes, or assists in the organization of, or participates in the sale of any interest in, any plan or arrangement, (2) who, in connection with such organization or sale, either makes or furnishes a false or fraudulent statement with respect to the allowability of any deduction or credit, the exludability of any income, or the securing of any other tax benefit by reason of participating in the plan or arrangement, and (3) who knows or has reason to know that such statement is false or fraudulent as to any material matter.

46. I.R.C. § 6701 imposes a penalty on any person (1) who aids in the preparation of any portion of a return, claim, or other document, (2) who knows or has reason to believe the portion will be used in connection with a material matter under the internal revenue laws, and (3) who knows the portion (if so used) would result in an understatement of tax liability.

47. On information and belief, the Defendants have engaged and continue to engage in conduct subject to penalty under I.R.C. § 6700. Specifically, Scott, Harris, and Bailey falsely communicated to their customers that the customers could obtain minority-owned business grants

from the federal government by paying S&K Enterprise to submit amended personal income tax returns on their behalf. In fact, Scott, Harris, and Bailey knew or had reason to know that these returns contained frivolous refund claims unrelated to any legitimate government program.

48. The Defendants have engaged and continue to engage in conduct subject to penalty under I.R.C. § 6701. Specifically, Scott, Harris, and Bailey prepared or assisted in the preparation of amended federal income tax returns for S&K Enterprise's customers that contained frivolous refund claims based on credits for which the customers clearly did not qualify. Scott, Harris, and Bailey knew or had reason to know that these returns were to be used (and were in fact used) in connection with material matters arising under the internal revenue laws. Scott, Harris, and Bailey also knew that these returns would result in understatements of tax liabilities.

49. Injunctive relief is appropriate to prevent the recurrence of such conduct because, absent an injunction, the Defendants are likely to continue preparing these frivolous returns.

50. The United States is entitled to an injunction under I.R.C. § 7408 to prevent the Defendants from engaging in further conduct subject to penalty under I.R.C. §§ 6700 and 6701.

**Count III**
(Injunction under I.R.C. § 7402(a))

51. The United States incorporates by reference the allegations made in paragraphs 1 through 50.

52. Section 7402(a) of the Internal Revenue Code authorizes courts to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

53. Through the conduct described above, the Defendants have substantially interfered

with the administration and enforcement of the internal revenue laws. Unless enjoined by this Court, the Defendants are likely to continue to engage in such conduct. The Defendants' conduct is causing irreparable injury to the United States and an injunction under I.R.C. § 7402(a) is necessary or appropriate.

54. The United States is entitled to injunctive relief under I.R.C. § 7402(a).

### Appropriateness of Injunctive Relief

55. The Defendants' conduct, as described in paragraphs 1 through 54 of this complaint, results in irreparable harm to the United States for which the United States has no adequate remedy at law. Specifically:

   a. The Defendants' conduct, unless enjoined, is likely to cause a substantial loss of revenue to the United States Treasury. Unless they are enjoined, the IRS will have to devote substantial resources to detect future returns with frivolous claims and may be unable to detect all of them. If erroneous refunds are made and later detected, the Government will either lose those funds or have to expend substantial resources to recover them. Based on past experience, the Government cannot expect to recover 100% of the erroneous refunds issued, and therefore the Government can expect a revenue loss if the Defendants are allowed to continue filing frivolous refund claims;

   b. The detection and audit of taxpayers who have used the Defendants' scheme will place a serious burden on the IRS's resources and – to the extent additional erroneous refund suits must be brought against taxpayers – on the resources of the federal judicial system; and

   c. If the Defendants are not enjoined, they likely will continue to engage in conduct subject to penalty under I.R.C. §§ 6694, 6695, 6700, and 6701 that interferes with the enforcement of the internal revenue laws, thereby undermining the federal tax system.

**WHEREFORE** the Plaintiff, United States of America, prays for the following relief:

A.    That the Court find that the Defendants continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695 and that injunctive relief is appropriate under I.R.C. § 7407 to prevent them and anyone acting in concert with them from acting as preparers of income tax returns and related documents.

B.    That the Court find that the Defendants engaged in conduct subject to penalty under I.R.C. §§ 6700 and 6701 and that injunctive relief is appropriate under I.R.C. § 7408 to prevent them and anyone acting in concert with them from engaging in any further such conduct.

C.    That the Court find that the Defendants engaged in conduct that interferes with the enforcement of the internal revenue laws and that injunctive relief against them and anyone acting in concert with them is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a).

D.    That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting the Defendants and their representatives, agents, servants, employees, attorneys, and any persons in active concert or participation with them, from directly or indirectly:

    1.    Further engaging in any conduct subject to penalty under I.R.C. § 6694, *i.e.*, preparing any part of a return or claim for refund that includes an unrealistic position;

    2.    Further engaging in any conduct subject to penalty under I.R.C. § 6695, *i.e.*, failing to provide taxpayers with completed copies of return documents, failing to sign returns as preparers, failing to provide preparer identification numbers on returns, and failing to turn over a complete and accurate list of customers, with taxpayer identification numbers, or a copy of all tax returns they prepared, to the IRS upon request;

      3.     Further engaging in any conduct subject to penalty under I.R.C. § 6700, *i.e.,* selling plans or arrangements that promote false claims for refunds, or conducting seminars that promote false claims for refunds;

      4.     Further engaging in any conduct subject to penalty under I.R.C. § 6701, *i.e.,* preparing or assisting others in the preparation of any tax forms or other documents to be used in connection with any material matter arising under the internal revenue laws and knowing that they will (if so used) result in the understatement of income tax liability;

      5.     Further acting as preparers of federal income tax returns; and

      6.     Further engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

E.     That the Court, under I.R.C. § 7402(a), enter an injunction requiring the Defendants to contact in writing all persons for whom they prepared and/or assisted in the preparation of any federal tax returns or tax-related documents and inform those persons of:

      1.     the entry of the Court's findings concerning the falsity of the tax returns the Defendants prepared on these persons' behalf;

      2.     the fact that the Court has entered an injunction against the Defendants;

      3.     the possibility that the United States may seek to recover any erroneous payment they may have received;

      4.     the possibility of the imposition of frivolous-return penalties against them;

and provide each person with a copy of the Court's injunction order.

F.     That the Court, pursuant to I.R.C. §§ 7402(a), 7207, and 7408, enter an injunction requiring the Defendants to turn over to the United States, within ten days of the entry of the Court's order, all records in their possession or to which they have access, that identify (1) the persons or entities, including the taxpayer identification number, to whom the Defendants gave or

sold, directly or indirectly, any materials related to the purported federal grant program for minority-owned businesses, (2) the persons or entities, including the taxpayer identification number, for whom the Defendants or their associates prepared or assisted in preparing any tax return or other tax-related document, (3) the persons who assisted in the marketing or preparation of materials used by the Defendants or written materials sent to potential customers, and (4) the persons or entities, including the taxpayer identification number, who purchased or used any other tax shelter, plan, or arrangement that the Defendants have promoted.

G. That the Court allow the United States full post-judgment discovery to monitor compliance with the injunction.

H. That the Court retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary and appropriate to guard the public interest.

I. That the Court grant such other relief as it deems appropriate.

JANE J. BOYLE
United States Attorney

*/s/ Michael S. Raum*

MICHAEL S. RAUM, ND # 05676
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 353-3922
Facsimile: (202) 514-6770